UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| PEDRO J. PACHECO-BARRAZA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 3:19-CV-01406 |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER

December 22, 2020

SOROKIN, J.[1]

In this action, Pedro J. Pacheco-Barraza challenged the Commissioner of Social Security's denial of his claim for disability insurance benefits. Doc. No. 3. He moved for an order reversing the Commissioner's decision and remanding the matter to the agency for reinstatement of his benefits. Doc. No. 25. Rather than opposing Pacheco-Barraza's motion and seeking affirmance of the decision denying benefits, the Commissioner has asked the Court to reverse his prior decision and remand the matter for further proceedings pursuant to 42 U.S.C. § 405(g). Doc. No. 28. Pacheco-Barraza has consented to the Commissioner's request, provided the Court includes certain provisions proposed by the parties in its remand order. Id. ¶ 8.

Upon consideration of the parties' submissions, and in the unusual circumstances described by both parties in their papers, the Court hereby ORDERS:

---

[1] Of the District of Massachusetts, sitting by designation.

1) The Commissioner's Consent Request for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. No. 28) is ALLOWED.

2) The Commissioner's decision denying Pacheco-Barraza disability benefits is REVERSED and the matter is REMANDED to the agency pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and the agency's process for conducting agency-initiated redeterminations under HALLEX I-1-3-25.

3) The Commissioner shall reinstate Pacheco-Barraza's disability benefits, subject to the agency's rules on eligibility for payment, from August 29, 2018 (the date of the Administrative Law Judge's decision denying Pacheco-Barraza's claim to benefits).

4) The Commissioner shall continue to pay disability benefits to Pacheco-Barraza, subject to the agency's rules on eligibility for payment, until the Commissioner issues a new decision in Pacheco-Barraza's case.

5) The Commissioner shall suspend the overpayment collection process unless and until it has been determined through a valid hearing that Pacheco-Barraza is not entitled to disability benefits.

6) If Pacheco-Barraza is found to be disabled after a valid hearing, the Commissioner shall pay disability benefits to him for all periods of entitlement not covered by this Order, shall vacate any assessed overpayments related to the fraud redetermination in this case, and shall refund any sums already collected pursuant to such assessment.

7) If, after a valid hearing, Pacheco-Barraza is found not to be disabled as of the date of his original allowance, the Commissioner may assess and collect overpayments in the

amount of the benefits previously paid to him, subject to Pacheco-Barraza's right to appeal.

8) Pacheco-Barraza's Motion for Order Reversing the Commissioner's Decision (Doc. No. 23) is ALLOWED to the extent it sought the relief described above and is otherwise DENIED without prejudice as MOOT in light of the Commissioner's consent request and the provisions of this Order.

9) The Clerk shall enter a separate judgment in this case in accordance with Fed. R. Civ. P. 58 and consistent with <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296-302 (1993).[2]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[2] In the future, should the Commissioner submit a consent request such as the one filed here in which he seeks entry of an order with particular conditions described in his pleading, the motion should be accompanied by a proposed order incorporating such conditions in the language proposed and/or agreed to by the parties.